## ISAAC VINCENT *versus* PARDON CORNELL.

One received a yoke of oxen to keep for the owner, and promised to provide food
for them for their work, and to return them by a fixed day, or in case he should
pay a certain sum of money by that day, the owner was to release his right to
them. The bailee sold them, and the vendee re-sold them, before the term expired;
and upon the expiration of the term, the money not having been paid, the owner,
after a demand and refusal, brought trover against such vendee. *Held*, that the
action would not lie.

TROVER for a yoke of oxen.

In the Court of Common Pleas, upon a case stated, it
appeared, that the plaintiff, on February 8, 1831, was the
owner of the oxen, and that on that day he exchanged them
for another yoke of oxen with William Cornell, and William
Cornell was to pay the plaintiff $25·50 to boot, by the 7th
of May. William Cornell was poor and in debt, and, in
order to secure the payment of that sum, he signed and
delivered to the plaintiff an agreement, dated February 8,
1831, in which he acknowledges that he has received of the
plaintiff the oxen in question, principally to keep for the
plaintiff till the 7th of May, and promises to provide food for
them for their work, and to return them within the time men-
tioned, in as good order as they are at this present time, or
in case he shall pay the plaintiff $25·50 by the 7th of May,
then the plaintiff is to release his right to the oxen, but if he
shall neglect to pay that sum by the time limited, then the
plaintiff is to have full right and lawful authority to take the
oxen. Between the 8th of February and the 7th of May
the defendant purchased the oxen of William Cornell, and
afterwards sold them to one Tripp ; and it did not appear
that the defendant, at the time of the purchase or of the sale
by him, had any knowledge of the above agreement between
William Cornell and the plaintiff. After the defendant had

sold the oxen to Tripp, and after the 7th of May, the plain-   <span>Vincent<br>v.<br>Cornell.</span>
tiff demanded them of the defendant, and not obtaining them
commenced this action.

Upon the foregoing facts *Strong* J. was of opinion, that
the plaintiff was entitled to judgment, and judgment was
entered for him accordingly.   To this opinion the defendant
filed exceptions.

*Warren*, in support of the exceptions, stated the rule,   *Oct. 27th.*
that in order to maintain trover the plaintiff must have
property and possession, or the right of possession, at the
time of the conversion by the defendant, and to show the
application of this rule to different cases, he cited 1 Chit.
Pl. (2d Amer. edit.) 151 ; 3 Stark. Evid. 1481, 1494 ;
Roscoe on Evid. 395 ; 15 Petersdorff, 203, note ; *Gordon*
v. *Harper*, 7 T. R. 9 ; *Cooper* v. *Chitty*, 1 Burr. 27,
31 ; *Horwood* v. *Smith*, 2 T. R. 750 ; *Pain* v. *Whitta-*
*ker*, Ryan & Moody, 99 ; 2 Saund. Pl. and Evid. 879 ;
*Wheeler* v. *Train*, 3 Pick. 258 ; *Farrant* v. *Thompson*, 5
Barn. & Ald. 826 ; *Putnam* v. *Wyley*, 8 Johns. R. 431 ;
*Van Brunt* v. *Schenck*, 11 Johns. R. 377.   The sale by
the bailee was not such an abuse of his authority as to revest
the right of possession in the plaintiff, inasmuch as it did not
deprive the bailee of the power of performing his contract,
it being in the alternative, to return the oxen or pay a sum
of money before the 7th of May.   And since that day, when
the plaintiff became entitled to the oxen, the defendant has
not had them in his possession, and consequently is not liable
for them in this action.   *Horwood* v. *Smith*, 2 T. R. 750 ;
*Farrant* v. *Thompson*, 5 Barn. & Ald. 826.

*Russell*, *contrà*.   The rule laid down by Chitty and the
other elementary books referred to, is not supported by the
cases which they cite.   It is not necessary, in order to main-
tain trover, that the plaintiff should have had a right of imme-
diate possession at the time of the sale to the defendant ; it
is sufficient that he had the right of possession at the time of
the demand and refusal subsequent to the 7th of May, and
before the action was brought.   If one who hires a horse
for three days, sells him in two days, and the vendee parts
with him immediately, the owner may sue the vendee but

not until the three days have expired. And if there have been several sales, the owner may look to any one intermediate taker, though he can have but one satisfaction. *Jackson* v. *Anderson*, 4 Taunt. 24 ; *Jones* v. *Sinclair*, 2 N. Hampsh. R. 319.

The contract with William Cornell created a personal trust in him, and the sum mentioned was in the nature of liquidated damages or of a penalty for non-performance ; and the sale rescinded the contract. The plaintiff had a right of possession, therefore, immediately after the sale ; and the sale was of itself a conversion by the defendant ; and the demand and refusal were another conversion. 2 N. Hampsh. R. 319 ; *Bloxam* v. *Hubbard*, 5 East, 407 ; *Chitty* v. *Cooper*, 1 Burr. 31 ; *Ayer* v. *Bartlett*, 9 Pick. 157.

WILDE J. drew up the opinion of the Court. This case comes before us on exceptions to the judgment of the Court of Common Pleas on a case stated by the parties, and having considered the facts agreed, and the arguments of counsel, and the cases cited, we are of opinion that the judgment for the plaintiffs cannot be sustained. William Cornell, at the time when he sold the oxen to the defendant, had the actual legal and rightful possession, with a right of property on payment of $25·50. The agreement between him and the plaintiff amounted to a conditional sale, liable to be defeated, it is true, on the non-performance of the condition. William Cornell had, therefore, a clear right to dispose of the possession, with his right, such as it was, to the defendant. The plaintiff at that time had no possession, nor right of possession ; and the taking by the defendant was not tortious. Nor did his sale to Tripp amount to a conversion, because at the time he had the possession. It is said by Sergeant Williams, in a note in the case of *Wilbraham* v. *Snow*, 2 Saund. 47 *b*, " that if the bailee, or other person who has only a special property, sells and delivers the goods to another as his own *bonâ fide*, and without notice, the general owner cannot maintain trover or any other action against the vendee, because by such a sale by a person who has a special property in, and possession in fact of the goods, the property of the general owner is altered." This doctrine, however, is

somewhat impugned by the case of *Wilkinson* v. *King et al.*, 2 Campb. 335, and Roscoe (*p.* 395) says, that if the bailee of goods for a special purpose transfer them to another in contravention of that purpose, the general owner may maintain trover against that person, though he be a *bonâ fide* vendee ; and the same doctrine is laid down by *Abbott* J., in *Loeschman* v. *Machin*, 2 Stark. R. 312 ; but in the latter case there was a demand on the purchaser and a refusal to deliver, which no doubt amounted to a conversion.   And in the case at bar, if there had been a demand on the defendant after the special property had ceased, and before he had parted with the oxen, he would undoubtedly be liable in this action ; but his acts previous to the 7th of May do not, we think, amount to a conversion.   In *Pain et al.* v. *Whittaker*, Ryan & Moody, 99, it was decided, that where goods were let on hire, and were taken by the sheriff as the prop· erty of the person to whom they were let, the owner could not maintain trover, because he had not the right of possession at the time the goods were taken and sold by the sheriff.

It has been argued for the plaintiff, that the sale by William Cornell to the defendant was such a breach of trust as to terminate the bailment, and to restore to the plaintiff a right of possession.   But this argument cannot be sustained.   The plaintiff had no right of possession, and could not maintain any action for the recovery of the property before the 7th of May, nor can any thing done by the defendant before that time subject him to an action.   And it does not appear that he has done any thing since, which can amount to a conversion.

*Judgment of the C. C. P. set aside and a new trial granted.*